IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ROBERT STEVENSON                                                    PLAINTIFF

vs.                              NO: 4:07CV00522SM

UNION PACIFIC RAILROAD COMPANY                                      DEFENDANT

**ORDER**

Plaintiff filed this action pursuant to the Federal Employer's Liability Act (FELA), 45 U.S.C. § 51 *et seq.* and the Locomotive Inspection Act (LIA), 40 U.S.C. § 20701 for injuries he sustained on October 28, 2006, when the locomotive seat he occupied broke and caused him injuries. Plaintiff also filed a claim for cumulative trauma injuries to his spine from working and riding on Defendant's locomotives, equipment and on its railroad tracks. Defendant filed a third party complaint against Seats, Incorporated ("Seats, Inc."), the manufacturer of the locomotive seat.

Plaintiff has filed a motion to compel discovery against Defendant and Defendant has responded. Generally, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Fed.R.Civ.P. 26(b)(1).

The court has reviewed the record and applicable law and rules as follows with regard to Plaintiff's First Set of Interrogatories and First Set of Requests for Production of Documents:

(1)  Interrogatory No. 2: Plaintiff seeks the name, address, and telephone number

of any person who contributed to or signed a written report concerning the incident. Although the Interrogatory is limited to "the incident," Plaintiff states in his motion that he wants reports regarding his cumulative trauma claim.  Defendant states that it has provided Plaintiff with a June 28, 2007 Report of Personal Injury which Defendant contends is the only known signed or written report that it has concerning Plaintiff's cumulative trauma claim.

Defendant reads Plaintiff's interrogatory too narrowly.  Plaintiff seeks information documenting the circumstances of his exposure to conditions which over the course of his thirty year career caused or contributed to his spinal injuries.   To the extent such documents exist, Defendant is directed to produce them within fifteen (15) days.

(2) Interrogatory No. 9: Plaintiff seeks information regarding safety meetings, that Defendant conducted concerning locomotive seats, that occurred during the three year period preceding the October 28, 2006 incident. The parties agreed to limit the Interrogatory to information regarding seats manufactured by Seats, Inc.

Defendant states that it has not located any information responsive to the request, but agrees to supplement if information is located.  Thus, the motion to compel with regard to this Interrogatory is denied.

(3) Interrogatory No. 11: Plaintiff requests that Defendant provide information concerning any safety concerns or problems Defendant had with the seats malfunctioning.  Defendant states that it has provided records over the past five years containing complaints, concerns and problems with the locomotive seat in question. Defendant has fully responded to the interrogatory and the motion to compel with regard to Interrogatory No. 11 is denied.

(4) Interrogatory No. 12: Plaintiff asks for all rules, practices, procedures, training manuals, and other audio and visual aids regarding the use and adjustment of locomotive seats. The parties agreed to limit the information to seats manufactured by Seats, Inc. Defendant has provided the information requested and therefore the motion to compel with regard to Interrogatory No. 12 is denied.

(5) Interrogatory No. 18: Plaintiff asks that Defendant identify all employees who have reported malfunctions of locomotive seats by Seats, Inc., including the date of the incident, and type of malfunction. Defendant initially provided reports for the 13 months prior to the October 28, 2006 incident and six months after. Defendant has now provided Plaintiff with records from October 28, 2001 through April 28, 2007.

Defendant has fully answered and the motion to compel with regard to Interrogatory No. 18 is denied.

(6) Request for Production No. 15: Plaintiff asks for all documents pertaining to inspection, maintenance and/or repair of the Seats, Inc. locomotive seat for a period five years prior to the incident and since. Defendant has agreed to provide Plaintiff with additional records from October 28, 2001 through April 28, 2007.

Defendant has fully responded. The motion to compel with regard to Request for Production No. 15 is denied.

(7) Request for Production No. 23: Plaintiff seeks records of all complaints, notices, or problems with the Seats, Inc., locomotive seat three years prior to the incident and subsequent to the incident. Defendant is providing Plaintiff with the documentation requested, however, it objects to Plaintiff's request of the identity of any persons who may have complained as it constitutes an invasion of privacy rights of the

employees who are not parties to this action and may violate HIPAA regulations.

Plaintiff is not seeking personal injury reports or medical information about persons who complained.  The court fails to see how identifying the employee who made a complaint about the seat is confidential or privileged.  Indeed, Defendant agreed to provide the information in response to Interrogatory No. 18.  Plaintiff is entitled to this information because it is relevant to Plaintiff's claim.  That Plaintiff might later want to depose the individuals is not a basis for not producing the information.  Therefore, the motion to compel is granted with regard to Request No. 23.  Defendant is directed to provide the information within fifteen (15) days.

(7) Request for Production No. 24: Plaintiff seeks safety audits and safety meeting records regarding failures of Seats, Inc., locomotive seats for a period five years prior to the October 28, 2006 incident and since.  Defendant has provided the information and the motion to compel with regard to Request No. 24 is therefore denied.

(8) Request for Production No. 25: Plaintiff seeks records reflecting occurrences reported by Defendant's employees of locomotive seat failure or malfunction for five years before the incident and since.  Defendant has agreed to provide records responsive to the request dating from October 28, 2001 through April 28, 2007.

Defendant has fully responded and the motion to compel with regard to Request No. 25 is denied.

(9) Request No. 28: Plaintiff requests all reports, records, and documents regarding the October 28, 2006 injury.  Defendant objected to the Request as being overbroad, and unduly burdensome.  Defendant further contends that Plaintiff seeks information protected by attorney-client privilege and the work-product doctrine.

Despite the objection, Defendant produced certain reports pertaining to the injury.

Plaintiff states that Defendant's objection is improper as it fails to comply with Rule 26(b)(5) of the Federal Rules of Civil Procedure. Rule 26(b)(5)(A) provides:

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe he nature of the documents, communications, or things not produced or disclosed–and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Defendant has responded only that the "overly broad" request may include such matters as its attorneys' notes, memoranda and correspondence. Defendant's response does not comply with Rule 26(b)(5)(A). Defendant is directed to provide Plaintiff within fifteen (15) days a "privilege log" regarding those documents which would otherwise be responsive to Request for Production No. 28.

Accordingly, the motion to compel (document no. 27) is granted in part and denied in part.

IT IS SO ORDERED this 10thday of July, 2008.

_____
UNITED STATES DISTRICT JUDGE