IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ROBERT STEVENSON                                                                              PLAINTIFF

v.                             CASE NO.  4:07CV00522 BSM

UNION PACIFIC RAILROAD COMPANY                                                DEFENDANT

## ORDER

Pending before the court are the parties' motions in limine.  The court has reviewed the motions, responses, replies and applicable law and rules as follows:

**I.  Plaintiff's motions in limine (Doc Nos. 78 and 82):**

Plaintiff filed two motions in limine which contain many of the same issues. Noting the similarity, defendant responded to the latter motion.  To the extent the issues raised are different, the court will address them separately.

Plaintiff requests that the court preclude defendant from commenting, arguing, or introducing as evidence certain matters.  The following matters are not in dispute:

A.  When and why plaintiff hired and consulted with an attorney (No. 1): Defendant does not object to this.

B.  The amount of compensation plaintiff has requested in his complaint or that he is asking for more financial damages than he expects to receive (No. 3): Defendant does not object to this.

C.   Partial payment of medical bills by defendant (No. 4 in Doc. No. 78): Defendant has not responded to this.

D. Knee injury or surgery (No. 8 in Doc. No. 82): Defendant does not object to this.

E. Cumulative Trauma (No. 10 in Doc. No. 82): Defendant does not object to this.

The following matters remain in dispute:

A. Collateral source and Railroad Retirement Board benefits (No. 2): Plaintiff contends that defendant should be precluded from introducing evidence that he has received or will receive collateral source health insurance, or sickness, disability or retirement benefits from the Railroad Retirement Board (RRB) or other sources.

Defendant argues that plaintiff's railroad pension should not be excluded under the collateral source rule. Defendant asks that the court disregard precedents of the Supreme Court and the federal circuit courts. In *Eichel v. New York Central. R.R.*, 375 U.S. 253 (1963) the Supreme Court held that evidence of disability payments under the Railroad Retirement Act was inadmissible in an FELA action. Courts have continued to find that the collateral source rule applies to payments made under the Railroad Retirement Act and evidence of the payments is inadmissible in an FELA action. *Clark v. Burlington Northern, Inc.*, 726 F.2d 448, 451 n. 2 (8th Cir. 1984). *See e.g., Green v. Denver & Rio Grande Western R. R. Co.,* 59 F.3d 1029, 1032-33 (10th Cir. 1995) (Supreme court precedent compels conclusion that collateral source rule prohibits admission of railroad disability benefits in a FELA case); *Wilcox v. Clinchfield R.R.* Co., 747 F.2d 1059 (6th Cir. 1984) (trial court erred when it informed jury that the plaintiff received other forms of compensation for his injury); *Page v. St. Louis Southwestern Ry. Co.*, 349 F.2d 820, 821-22 (5th Cir. 1965) (trial court committed

reversible error with admission of evidence that the plaintiff was receiving railroad pension).

Thus, the court grants plaintiff's motion in limine with regard to this issue.

B.  Railroad Retirement Taxes (No 5 in Doc. No. 78 and No. 4 in Doc. No. 82): Plaintiff contends that RRB taxes should not be deducted from his lost earnings. Defendant counters that plaintiff's loss of income should be based on net losses, which requires that plaintiff deduct his RRB taxes.

The issue is not well settled.  Although the Supreme Court has held that in an FELA case, the plaintiff's earning are reduced by federal and state income taxes, *Norfolk & Western R. Co. v. Liepelt*, 444 U.S 490, 493-94, it has not found that RRB taxes should be deducted. In *Maylie v. Nat'l R. R. Passenger Corp.*, 791 F. Supp. 477, 487 (E. D. Pa. 1992), *aff'd* 983 F.2d 1051 (3rd Cir. 1992), the court found that the plaintiff's income should not be reduced by the amount of railroad retirement taxes that he would have been required to pay had he not been injured and continued working.

The court in *Davis v. CSX Transp., Inc.*, No. 1:07-cv-79, 2008 WL 2117151 (E. D. Tenn. May 20, 2008) recently discussed the issue and found that it lacked sufficient information to rule on the matter.

> It is unclear what Plaintiff's pension benefits are, if any, and what those pension benefits might have been if he had continued to be able to work. It is further unclear what the Plaintiff's expert includes in his assessment of past and future damages. Plaintiff contends that he is not seeking lost pension benefits as part of his lost fringe benefits. However, it is unclear what the alleged past and future fringe benefits are.

> Whether the court requires deduction of all or a portion of Tier I and Tier II taxes[1] from Plaintiff's damages will depend on specific information provided by the parties regarding Plaintiff's future pension amounts and the pension he would have been able to receive had he continued working for CSXT. In sum, the court RESERVES ruling on this issue until closer to the time of trial when it will request further briefing and factual information from the parties on this issue.

*Id.* at *7.

The court agrees with the approach used in *Davis.* The court does not have sufficient information regarding the damages claimed in order to determine whether the railroad retirement taxes should be excluded. Therefore, the motion in limine with regard to this issue is denied without prejudice to renew.

C. Personnel and medical information regarding plaintiff (No. 6 in Doc. No. 78 and No. 5 in Doc. No. 82): Plaintiff asks that information that does not concern the events of October 28, 2006 be excluded. Defendant counters that there may be some evidence in plaintiff's files concerning pre-existing conditions which would be relevant to plaintiff's medical condition and damages.

The court will be in a better position at trial to determine the admissibility of this evidence. Thus, the motion in limine with regard to this issue is denied without prejudice to renew.

D. Availability of retirement benefits at age 60 (No. 7 in Doc. No. 78 and No. 6 in Doc. No. 82): Plaintiff contends that any evidence regarding the availability of retirement benefits

---

[1] The amount of railroad retirement taxes to be paid by the employee and his/her employer is fixed by statute, and is set pursuant to a tier I and Tier II formula. *See* www.rrb.gov.

constitutes evidence of a collateral source and should be excluded.  Defendant argues that eligibility criteria for railroad retirement benefits is relevant to work life expectancy, and that it should be able to cross-examine plaintiff's economist about plaintiff's ability to retire at age 60.

Defendant can introduce evidence that plaintiff would be eligible to retire at age 60, however it will be precluded from introducing evidence as to the availability of retirement benefits or the amount.  *See Norfolk S. Ry. Corp. v. Henry Tiller*, 944 A.2d 1272, 1288 (Md. Ct. Spec. App. 2008); *Lee v. Consol. Rail Corp*, No. 94-6411, 1995 WL 734108, *5 (E. D Pa. Dec. 5, 1995).   Therefore, plaintiff's motion in limine with regard to this issue is granted.

E.  Testimony or Opinions of Dr. Robert Piziali regarding plaintiff's left shoulder injury (No. 8 in Doc. No. 78 and No. 7 in Doc. No. 82): Dr. Piziali, defendant's expert, initially did not conduct tests regarding plaintiff's shoulder claim.  Dr. Piziali subsequently performed shoulder tests with the seat.  Defendant states that it has provided the results of the tests to plaintiff and that it has made Dr. Piziali available to plaintiff for deposition.

Plaintiff replies that he has not received an additional report of Dr. Piziali, only photographs and videos without any explanation.  Plaintiff argues that because of the lateness of the disclosure, he is prevented from having his expert, who has already given his deposition on videotape, address the issues raised in the new tests.

Dr. Piziali, an expert in the area of mechanical engineering, including mechanics, accident reconstruction, and biomechanics, provided his report on October 17, 2008. Although

he noted plaintiff's shoulder injury in his discussion of the medical records, Dr. Piziali admitted in his January 6, 2009 deposition that he did not conduct any tests with regard to the shoulder. (Deposition of Dr. Piziali, pp. 26-27).

The court finds that any testimony, including opinions, concerning subsequent testing with regard to the shoulder by Dr. Piziali is inadmissible. Dr. Piziali knew of plaintiff's shoulder complaint, but decided not to "pay much attention to it." *Id*. at 27. Allowing defendant to introduce evidence of tests conducted on the eve of trial without providing plaintiff sufficient opportunity to have the findings reviewed would be unduly prejudicial to plaintiff.

Therefore, plaintiff's motion in limine with regard to this issue is granted.

F.  Evidence of letters written by Bob Hosutt, Ken Waits, Candace Berg Girard, or Monty Whatley (No. 9 in Doc. No. 82): Plaintiff seeks to exclude as hearsay certain letters pertaining to vocational offers made to him. The court will be in a better position at trial to determine the admissibility of this evidence. Thus, the motion in limine with regard to this issue is denied without prejudice to renew.

**II. Defendant's motion in limine (Doc. No. 79):**

Defendant asks that the court prohibit plaintiff from introducing evidence, or from arguing or implying in questions to witnesses, certain matters. There is no dispute with respect to the following as plaintiff states he does not intend to introduce evidence regarding the matters:

A. Punitive or exemplary damages (No. 7): Plaintiff does not object to this.

B. The size or wealth of defendant or that it is an out-of-state corporation (No. 9): Plaintiff agrees not to comment on these issues unless it is relevant to purposes other than simply to arouse prejudice.

C. That the railroad industry in general is unsafe or dangerous (No. 10): Plaintiff agrees not to comment on the overall safety of the railroad industry.

D. Settlement negotiations, settled claims and buyouts (No.11): Plaintiff does not oppose defendant's request.

E. Any reference to the loss of society or companionship sustained by plaintiff's friends or relatives (No. 12): Plaintiff does not oppose defendant's request.

F. Lay witness testimony regarding plaintiff's medical condition and work capacity (No. 13): Plaintiff agrees to not introduce lay testimony regarding medical opinion. However, plaintiff may have lay witnesses give opinions pursuant to F. R. E. 701.

G. Plaintiff's reputation as an employee (No.14): Plaintiff does not object to defendant's request.

H. The Congressional intent in enacting the FELA (No. 15): Plaintiff does not oppose defendant's request.

I. Statements to jury regarding amount they would put on injury if they were in plaintiff's shoes (No. 16): Plaintiff does not oppose defendant's request.

J. Evidence of medical bills paid by Union Pacific (No. 22): Plaintiff does not oppose

defendant's request.

K. Reference to motion to exclude and discovery disputes (No. 23): Plaintiff does not oppose defendant's request.

The following matters remain in dispute:

A. Prior seat drop incidents (No.1), Prior alleged claims and injuries of other employees (No. 2), Maintenance Records of UP 4180 (No. 3), and Deposition of Bill Jacobs (No. 4): Defendant states that it is admitting negligence and that the only issues in the case are causation and damages. Therefore, defendant contends, any evidence of prior claims or injuries, or maintenance, repairs, or prior defects is irrelevant under F.R.E. 402. Even assuming the evidence is relevant, defendant argues that its probative value would be outweighed by the risks of unfair prejudice and jury confusion.

Plaintiff counters that the evidence is admissible for purposes other than demonstrating liability. He states that he intends to use the evidence to show the force of similar locomotive seat drops which could cause personal injury, and that causation is disputed by defendant. In particular, plaintiff wants to use the evidence to challenge the testing done by Dr. Piziali.

Defendant replies that the evidence of prior seat drops is inadmissible because plaintiff cannot show that the previous seat drops were substantially similar.

> Evidence of similar incidents may be relevant to prove the defendant's notice of defects, the defendant's ability to correct known defects, the magnitude of the danger, the product's lack of safety for intended uses, or causation. However, admitting similar-incident evidence also threatens to raise extraneous controversial issues, confuse the issues, and be more prejudicial than probative. For these reasons, the facts and circumstances of the other incidents must be

"substantially similar" to the case at bar to be admissible.

*Lovett v. Union Pacific R. Co.*, 201 F.3d 1074, 1081 (8th Cir. 2000) (citation omitted).

At this time the court cannot find that the incidents are not substantially similar. The court will be in a better position at trial to determine the admissibility of the evidence . Therefore, defendant's motion in limine with regard to this issue is denied without prejudice to renew.

B. That this FELA lawsuit is plaintiff's exclusive remedy or that plaintiff is not eligible to receive workers' compensation benefits (No. 5):  The court agrees that reference to the FELA as the exclusive remedy or that plaintiff is not eligible for benefits from a collateral source is irrelevant.  *Stillman v. Norfolk and W. Ry. Co.*, 811 F.2d 834,838 (4th Cir. 1987).  Defendant's motion in limine is granted on this issue.

C.  That jurors act as safety advocates in this lawsuit or that they send a message with their verdict (No. 6): The jury will be informed that opening statements and closing arguments are not evidence.  Plaintiff should be able to present his arguments.  The court cannot, at this time, find that the anticipated arguments are unreasonable or inappropriate. Defendant's motion in limine on this issue is denied without prejudice to renew.

D.  Profits over people (No. 8): Plaintiff states that a blanket prohibition on counsel arguing that defendant values profits over people is premature.  Plaintiff contends that the argument is probative as to the issues of notice and negligence.  He asks that the court reserve ruling until such time as the evidence will be offered.  The court denies the motion in limine

with regard to this issue without prejudice to renew.

E. Statements relating to plaintiff giving the best years of his life to the railroad (No. 16): The court cannot find that statements by plaintiff concerning his lengthy work history with defendant are unduly prejudicial to defendant. The motion in limine with regard to this issue is denied.

F. Income taxes, gross wages, fringe benefits, Railroad Retirement Board benefits (No. 18): Plaintiff agrees not to make any statement that his award is subject to federal income tax or that plaintiff should be permitted to include as fringe benefits any amounts he paid as a railroad retirement tax. Plaintiff states that he should be allowed to introduce evidence of gross wages as the basis for net wage loss calculations.

"A prevailing FELA plaintiff is entitled to recover his after-tax income losses, not gross wages, and the award is not subject to federal income taxation." *Johnson v. Union Pacific R.R. Co.*, No. 8:05CV373, 2007 WL 2914886, * 5 (D. Neb. Oct. 4, 2007) (citing *Norfolk & Western R. Co. v. Liepelt*, 444 U.S. 490, 493094 (1980)). The court will adopt the approach used in *Johnson* and allow plaintiff to introduce his gross wage loss but the jury will be properly instructed to award only net economic damages.

The motion in limine with regard to this issue is denied.

G. Plaintiff's railroad retirement benefits (No. 19): This issue was discussed above in plaintiff's motion in limine. In addition, plaintiff contends that he does not intend to introduce any evidence for which the probative value of the payment of benefits outweighs its prejudicial

effect.  *See Moses v. Union Pacific R.R.*, 64 F.3d 413, 416 (8th Cir. 1995) (evidence of collateral sources admissible once plaintiff asserts that he does not have coverage or when plaintiff is claiming emotional injury on account of financial stress following an accident).

 Defendant's motion in limine with regard to this issue is denied.

H.  Defendant's discovery responses (No. 20): Defendant objects to plaintiff using its answers to discovery as exhibits, particularly those portions where defendant has objected to the discovery.  Plaintiff argues that interrogatory answers are admissions and allowable under the Federal Rules of Evidence.

The court will be in a better position to determine the admissibility of the evidence at the time it is offered at trial.  Therefore, defendant's motion in limine with regard to this issue is denied without prejudice to renew.

I.  Evidence regarding intimidation or threats (No. 21):  Defendant seeks to preclude evidence that plaintiff felt intimidated or threatened for reporting a personal injury.  Plaintiff counters that he intends to introduce his report of the injury and that the facts and circumstances surrounding the preparation of the document are relevant.  The court agrees that the evidence concerning the preparation of the document may be relevant. To the extent plaintiff attempts to introduce other evidence regarding intimidation or threats, the motion in limine is denied without prejudice to renew.

## CONCLUSION

Accordingly, plaintiff's motions in limine (Doc. Nos. 78 and 82) are granted in part and

denied in part; defendant's motion in limine (Doc. No.79) is granted in part and denied in part.

IT IS SO ORDERED this 12th day of March, 2009.

*[signature: Brian S. Miller]*
_____
UNITED STATES DISTRICT JUDGE